UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
  *Plaintiff-Appellee,*

v.

THOMAS EDWARD CLEMENT,
  *Defendant-Appellant.*

No. 03-4690

Appeal from the United States District Court
for the District of South Carolina, at Greenville.
Margaret B. Seymour, District Judge.
(CR-02-1245)

Submitted: February 25, 2004

Decided: March 16, 2004

Before WILKINSON, KING, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Benjamin T. Stepp, Assistant Federal Public Defender, Greenville, South Carolina, for Appellant. Alan Lance Crick, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Thomas Edward Clement appeals the judgment order of the district court sentencing him to 150 months imprisonment following his guilty pleas to possession with the intent to distribute cocaine base and possession of a firearm as a convicted felon, in violation of 18 U.S.C. §§ 922, 924 (2000), and 21 U.S.C. § 841 (2000). In his appeal, filed pursuant to *Anders v. California*, 386 U.S. 738 (1967), counsel for Clement claims that the district court erred by failing to adequately conduct a hearing pursuant to Fed. R. Crim. P. 11, and failing to accurately calculate Clement's sentence. In his pro se supplemental brief, Clement also claims that the district court erred by enhancing his sentence for firearms possession and for including in the calculation of his base offense level currency converted to a drug equivalency. Because none of these claims were preserved in the district court, they are reviewed for plain error. *United States v. Martinez*, 277 F.3d 517, 524-25 (4th Cir. 2002); *United States v. Ford*, 88 F.3d 1350, 1355 (4th Cir. 1996).

Through counsel, Clement first suggests that the district court erred by failing to conduct an adequate plea colloquy. Our review of the transcript of that hearing provides no support for this claim. Clement was found to be competent to tender his pleas. He was advised of the nature of the charges contained in the indictment and the potential sentencing range. Clement indicated that he was satisfied with the services of his attorney, and further demonstrated that his plea was being made freely, voluntarily, and knowingly. Under these circumstances we cannot conclude that the district court erred in accepting Clement's pleas, and we deny relief on this claim.

Clement next asserts that the district court erred in sentencing him to 150 months imprisonment. Clement's offense level was calculated on the basis of contraband seized at the time of his arrest. This included 25.88 grams of cocaine base and $7980 in currency. Pursuant to *United States v. Hicks*, 948 F.2d 877 (4th Cir. 1991), the currency seized was converted to drug equivalency for purposes of establishing Clement's offense level. *Id.* at 881-83. Based on a street price of approximately $900 per ounce, the seized currency repre-

sented approximately eight ounces, or 226.8 grams, of cocaine base for purposes of relevant conduct. When combined with the seized cocaine base, this yielded a total quantity of approximately 253 grams. This total converts to an offense level of thirty-four. *See U.S. Sentencing Guidelines Manual* § 2D1.1(c)(3). Applying a three-level reduction for acceptance of responsibility, Clement's resulting offense level yielded a sentencing range of 135 to 168 months when combined with his criminal history category of III. *See* USSG Ch. 5, Pt. A. Because the sentence imposed by the district court was fully consistent with an accurate application of the sentencing guidelines, this claim likewise merits no relief.

In his pro se informal brief, Clement claims that the district court erred in enhancing his sentence pursuant to USSG § 2K2.1(b) on the basis of his possession of three or more firearms in connection with another felony. Because these enhancements were not considered in the ultimate calculation of his base offense level, *see* USSG § 3D1.3, any such error would be harmless and not cognizable on appeal. *See* Fed. R. Crim. P. 52.

Clement's final claim is that the district court erred in considering seized currency as drug equivalency with respect to calculating his base offense level under USSG § 2D1.1(c). It is well-settled that conversion of seized currency into drugs for the purpose of setting an offense level is permissible. *Hicks*, 948 F.2d at 881-83; USSG § 2D1.1, comment. (n.12) (2002). On the present record, the district court did not plainly err in considering the currency as a drug equivalent. Accordingly, we deny relief on this final claim.

Finding no meritorious issues upon our review of the record, we affirm the judgment of the district court. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*